IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD AU, | CIVIL NO. 11-00541 SOM/KSC |
| Plaintiff, | ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT AND ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER MOTION TO FILE SECOND AMENDED COMPLAINT, AND IN THE ALTERNATIVE, MOTION TO FILE RENEWED FIRST AMENDED COMPLAINT |
| vs. | |
| THE FUNDING GROUP, INC.; AMERICAN HOME MORTGAGE SERVICING INC., NOW KNOWN AS HOMEWARD RESIDENTIAL, INC.; OPTION ONE MORTGAGE CORPORATION, NOW KNOWN AS SAND CANYON CORPORATION; WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-5 ASSET-BACKED CERTIFICATES, SERIES 2007-5, | |
| Defendants. | |

ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING
PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT AND
ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER MOTION
TO FILE SECOND AMENDED COMPLAINT, AND IN THE ALTERNATIVE,
<u>MOTION TO FILE RENEWED FIRST AMENDED COMPLAINT</u>

Plaintiff Ronald Au appeals from two rulings by the Magistrate Judge.  The first, filed on July 31, 2012, denied Au's Motion To File Second Amended Complaint.  The second, filed on August 10, 2012, denied Au's Motion To Reconsider the first ruling.  This court affirms both the July and the August orders by the Magistrate Judge.

This court first considers whether the Magistrate Judge's orders are nondispositive pretrial orders. Nondispositive pretrial orders by magistrate judges are expressly

authorized by law.  See 28 U.S.C. § 636(b)(1)(A).  The Federal Rules of Civil Procedure reflect this statutory authority, with Rule 72(a) providing that a district judge may refer to a magistrate judge for determination "a pretrial matter not dispositive of a party's claim or defense."  Such motions are customarily referred to magistrate judges in this district.  See Local Rule 72.3.  An appeal from a magistrate judge's ruling on a nondispositive matter may be brought pursuant to Local Rule 74.1.

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge's order on a nondispositive matter may be reversed by the district court only if it is "clearly erroneous or contrary to law."  The threshold of the "clearly erroneous" test is high.  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed").

By contrast, absent consent by the parties, a magistrate judge may opine on a dispositive matter only by making findings or a report and recommending action to a district judge.  See 28 U.S.C. § 636(b)(1)(B). Objections to a magistrate judge's

findings and recommendation are reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

While a motion for leave to file a amend a complaint is generally considered a nondispositive matter, some courts view a magistrate judge's denial of a motion for leave to amend as a dispositive ruling if the ruling denies a party a chance to assert a new claim. In particular, some courts have considered as dispositive any denial based on the futility of the proposed claim. This line of cases was discussed by this court in some detail in JJCO, Inc. v. Isuzu Motions America, Inc., 2009 WL 3818247 (D. Haw. Nov. 12, 2009), aff'd on other grounds, 2012 WL 2584294 (9th Cir. July 5, 2012) (unpublished).

In his appeal, Au cites both Local Rule 74.2, which addresses review of findings and recommendations, and Local Rule 74.3, which addresses review of rulings by magistrate judges not covered by other local rules. Au, although now proceeding pro se, was himself counsel of record in numerous prior cases in this court. He nevertheless makes no mention of Local Rule 74.1, which addresses appeals from rulings on nondispositive matters. It is therefore unclear what standard of review Au believes applies. This court need not resolve here the issue of the applicable standard of review, because this court concludes that, whether the Magistrate Judge's rulings are treated as nondispositive orders reviewed for clear error and for being

contrary to law, or as findings and recommendations subject to de novo review, the Magistrate Judge was correct. Clearly, futility was only one ground relied on by the Magistrate Judge, but even if this court conducted de novo review of the entirety of the two orders in issue, this court would reach the same result as the Magistrate Judge.  The court stresses that it is not here ruling that de novo review is required but is instead simply noting that, even if it is required, the result is the same as if the Magistrate Judge's filings are reviewed under only the "clear error/contrary to law" standard.

      The procedural background of these appeals was amply summarized in the Magistrate Judge's orders.  Critical to the Magistrate Judge's rationale was the history of this case.  The original Complaint was dismissed, and Au moved to file a First Amended Complaint.  The Magistrate Judge denied that motion in the Order Denying Plaintiff Ronald Au's Motion To File First Amended Complaint, an order not on appeal here.  That ruling, filed on May 14, 2012, invited Au to file a new motion for leave to amend his Complaint, but restricted the content of any new proposed amended pleading.  The May ruling said:  "Any proposed amended complaint shall comply with pertinent pleading standards and shall name the current owner of the disputed note and mortgage.  No other parties may be added.  Plaintiff may advance no new legal theories against existing Defendants."  The May

ruling was never challenged by Au.  Instead, Au responded to the May order by filing his Motion To File Second Amended Complaint.  With the May ruling in effect, Au was bound by its restrictions in any proposed amended complaint.  Like the Magistrate Judge, this court on the present appeal puts great weight on Au's violation of the never-challenged May order.

The Magistrate Judge noted in the July order that Au had violated the May order and that, in addition, some of Au's proposed new claims were futile given a ruling against Au in a related case.  Even if this court reviews the futility issue de novo, this court agrees with the Magistrate Judge.

Au moved for reconsideration of the July order without establishing entitlement to reconsideration, and the Magistrate Judge issued the August order, which denied the reconsideration motion.

To the extent the rulings before this court are findings and recommendations, they are adopted in full.  To the extent the Magistrate Judge's rulings are properly viewed as orders on nondispositive matters, they are affirmed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 24, 2012.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Ronald Au v. The Funding Group, Inc., et al.; Civil No. 11-00541 SOM/KSC; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT AND ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER MOTION TO FILE SECOND AMENDED COMPLAINT, AND IN THE ALTERNATIVE, MOTION TO FILE RENEWED FIRST AMENDED COMPLAINT