IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD AU, | CIV. NO. 11-00541 SOM/KSC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT |
| vs. | |
| THE FUNDING GROUP, INC.; AMERICAN HOME MORTGAGE SERVICING, INC.; OPTION ONE MORTGAGE CORPORATION, | |
| Defendants. | |

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff Ronald Au, an experienced attorney proceeding *pro se*, moves under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure for an order altering or amending the judgment entered by this court in favor of Defendants. The court denies the motion.

Rule 59(e) provides for a motion to alter or amend a judgment, but does not articulate specific grounds for any such motion. The Ninth Circuit has noted:

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). While a Rule 59(e) motion is not limited to those four

grounds, alteration or amendment of a judgment is "an extraordinary remedy which should be used sparingly." Id. (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc)).

This court discerns nothing in Au's motion falling within any of the four grounds or otherwise justifying the extraordinary remedy he seeks under Rule 59(e).  At best, Au contends that he has newly discovered evidence, but he provides no indication that he could not have discovered such evidence in a more timely manner.  Thus, he says at page 14 of the memorandum supporting his motion that he "learned more recently" that an assignment of his note and mortgage occurred years after Defendant Option One had alleged it had occurred.  Although his memorandum indicates that the assignment was not recorded until March 3, 2012, the date appears to contain a typographical error, as Exhibit 9 to the memorandum reflects a filing date of March 3, 2010.  This matter of public record occurred before this lawsuit commenced in the state court on August 11, 2011, and then was removed to this court on September 6, 2011.  At page 15 of his memorandum, Au also refers to having "recently learned in a conference with Magistrate Chang" that information about certain escrow payments was incorrect.  It is unclear what the date of the conference was (the docket in this action indicates that Magistrate Judge Kevin Chang conducted several conferences in this case, including

conferences on August 16, September 11, and October 19, 2012). However, the court notes that the timing of the assignment of the note and mortgage, as well as alleged discrepancies in escrow payments, were raised by Au on August 23, 2012, in his appeal from Magistrate Judge Chang's order denying Au leave to file a Second Amended Complaint.  The purported newly discovered evidence therefore does not appear to have been discovered after judgment was entered on December 11, 2012.  For purposes of a post-judgment motion, therefore, the material was not "newly discovered."

Nor does this court find any basis for granting relief under Rule 60(b).  Rule 60(b) lists several grounds on which relief from a judgment may be sought, but Au does not specifically refer to any of those grounds.  It is therefore not clear which subsection of Rule 60(b) he is basing his motion on.  To the extent he is claiming that newly discovered evidence justifies relief under Rule 60(b)(2), the court is unpersuaded, for the reasons set forth in the preceding paragraph of the present order.  To the extent Au is arguing that relief is warranted under Rule 60(b)(3), which concerns fraud, misrepresentation, or misconduct by an opposing party, Au has not stated a cognizable fraud claim.  Finally, to the extent Au is relying on Rule 60(b)(6), which permits relief based on "any other reason that justifies relief," Au does not articulate such a reason.

3

In light of the record in this case, Au's motion is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 25, 2013.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Ronald Au v. The Funding Group, Inc., et al., CIV. NO. 11-00541 SOM/KSC, ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT